JOHN BALAZS, Bar # 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
balazslaw@gmail.com

KYLE KNAPP, Bar #166587
Attorney at Law
916 2nd Street, Second Floor
Sacramento, CA 95814
Telephone: (916) 441-4717
kyleknapp@sbcglobal.net

Attorneys for Defendant
MATTHEW ROBERT ALLISON

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW ROBERT ALLISON, <br><br> Defendant. | Case No. 2:24-CR-0257-DC <br><br> **MOTION FOR BILL OF PARTICULARS** <br><br> Motion Hearing: <br> Date: TBD <br> Time: TBD <br> Hon. Dena Coggins |

## I.    INTRODUCTION AND MOTION

Defendant Matthew Allison moves, through counsel, for a bill of particulars. under Federal Rule of Criminal Procedure 7(f) and the Fifth and Sixth Amendments to the U.S. Constitution, ordering the government to provide notice as follows.

1.      Counts 2-5: when in particular he purportedly solicited the alleged hate crime and the identity of the person or persons that Mr. Allison allegedly targeted in each of these counts.

2.      Count 12: what threat was made, to whom the threat was made, and when the threat was allegedly made.

3.      Count 13:  what information regarding explosives was distributed, when it was distributed, and which federal employees or officials the explosive information was allegedly intended to be used to kill or assault.

4      Count 14: what information regarding explosives was distributed, when it was distributed, and what federal hate crimes the defendants allegedly intended the information to be used to cause be committed.

Count 15:  (1) what services, personnel, training, or expert advice or assistance Mr. Allison allegedly conspired to provide; (2) to whom did the conspirators knowingly and intentionally conspire to provide such services, property, personnel, training, and expert advice or assistance; and (3) and in support of what specific events or offenses.

Mr. Allison requests that the Court set a schedule for further briefing and a hearing on the motion at the status conference on February 6, 2026.

## II.      PROCEDURAL BACKGROUND

In an indictment filed September 5, 2024, the government charged defendants Dallas Humber and Matthew Allison with the following 15 counts: conspiracy in violation of 18 U.S.C. § 371 (count 1); solicitation of a hate crime in violation of 18 U.S.C. § 373 (counts 2-5); solicitation of murder of a federal official in violation of 18 U.S.C. § 373 (counts 6-8); doxing of federal officials in violation of 18 U.S.C. § 119  (counts 9-11); interstate threatening communications in violation of 18 U.S.C. § 875(c) (count 12); distribution of information relating to

explosives and destructive devices in violation of 18 U.S.C. § 842(p) (counts 13 and 14); and conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A (count 15).  ECF No. 1.  Ms. Humber pled guilty and has been sentenced.

Discovery is exceedingly large and complex, spanning multiple years and several foreign countries.  The government has provided discovery in a series of productions from October 2024 to November 2025.  In March and April 2025, the government provided a supplemental discovery production, which included thousands of pages of documents, hundreds of hours of audio and video recordings, and a copy of the multiple digital devices seized from Mr. Allison and Ms. Humber, totaling over 25 terabytes of data.  Many of these pages were placeholders for additional "native" files of voluminous spreadsheets and audio and video recordings.   In November 2025, the government provided a third supplemental discovery production containing over 2,000 additional pages of materials, including files in excel spreadsheets, videos, and other formats.  In a November 14, 2025 letter with this last batch of discovery, the government stated that its "investigation is ongoing, and the government will provide additional rounds of discovery as it gathers and processes more investigative material."

Although the defense has not completed its review of discovery, Mr. Allison now moves for a bill of particulars to permit him to adequately defend this case.

## III.    The Court should order a bill of particulars.

Bill of particulars are authorized under Rule 7(f) of the Federal Rules of Criminal Procedure.  The purpose of the bill of particulars is threefold:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for

the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Geise*, 597 F.2d 1170, 1180 (9th Cir. 1979).

A request for a bill requires no showing of cause. The request should be granted where "it is necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided." *United States v. Rogers*, 617 F. Supp. 1024, 1027 (D. Colo. 1985) (quoting 1 Wright, Federal Practice and Procedure: Criminal 2d § 129, at 436 (1982)); *see also United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981) ("test for whether a bill of particulars is necessary is 'whether the indictment . . . sufficiently apprises the defendant of the charges to enable him to prepare for trial'") (emphasis added). "A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). "A defendant should be given enough information about the offense charged so that he may, by the use of diligence, prepare adequately for trial." 1 Wright, Federal Practice and Procedure: Criminal 2d § 129, at 436-37 (1982).

The fact that an Information may set forth the essential elements of the offense "is no answer or defense to a motion for a bill of particulars under Rule 7(f)." *United States v. Smith*, 16 F.R.D. 372, 374 (W.D. Mo. 1954) (cited with approval in Advisory Committee Notes to 1966 Amendment to Rule 7(f)). The question is what is "necessary or useful in the defendant's preparation for trial." *Will v. United States*, 389 U.S. 90, 99 (1967). "The decisive inquiry in deciding such a motion is whether the indictment adequately advises the defendant of the specific acts of which he is accused." *United States v. Akroush,* 2019 U.S. Dist. Lexis 95580, at *10 (E.D. Cal. June 15, 2019) (*quoting United States v. Santiago,*

174 F. Supp.2d 16, 34 (S.D. N.Y. 2001). "Without definite specification of the time and place of commission of the overt acts complained of, and of the identity of the person or persons dealt with, there may well be difficulty in preparing to meet the general charges of the information, and some danger of surprise." *Smith*, 16 F.R.D. at 375.

In this case, a bill of particulars is necessary for the defense to prepare a defense on a number of counts as follows:

### A.　　Counts 2-5 – Solicitation of Hate Crimes

Counts 2 through 5 charge four separate solicitation-of-hate-crime offenses that are identical except for the persons supposedly targeted by the offense.

Count two charges:

COUNT TWO: [18 U.S.C. § 373 - Solicitation of a Hate Crime]

The Grand Jury further charges: THAT

DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON

defendants herein, between in or about January 2022 and in or about September 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting one another, with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce, and otherwise endeavor to persuade another person to engage in such conduct: that is, to willfully cause bodily injury to any person because of the actual or perceived race or color of any person, in an attempt to kill, in violation of Title 18, United States Code, Sections 249(a)(l) and 249(a)(l)(B)(ii). Specifically, as detailed in the General Allegations of this Indictment, which are realleged and incorporated herein, Humber and Allison solicited, commanded, induced, and otherwise endeavored to persuade other people to commit bias-motivated attacks targeting Black people and white people who associate with Black people, whom they deem "race traitors."

All in violation of Title 18, United States Code, Sections 373 and 2.

Counts 3 through 5 charge the *exact* same offense except that each offense alleges a different group of persons as a target of the hate crime offense.   Instead of the targeted group in count 2 ("Black people and white people who associate with Black people, whom they deem 'race traitors'"), counts 3 through 5 charge "Jewish people" (count 3), "non-white immigrants" (count 4), and "lesbian, gay, bisexual, and transgender people." (count 5).

These charges are too vague and indefinite to provide adequate notice of what is charged to permit Mr. Allison to adequately defend against these charges. Each count covers the 32-month period between January 2022 and September 2024.  The discovery contains over 72,000 pages of documents and hours of audio and video recordings without any clear sign of who specifically was targeted, who in particular was solicited to commit the charged crimes, or when the supposed solicitations occurred.  *See United States v. Bortnovsky,* 820 F.2d 572 (2d Cir. 1987) (reversing defendants' convictions for mail fraud because the district court erred in denying defendants' motion for a bill of particulars identifying the fraudulent documents and burglaries referred to in the indictment); *United States v. Orozco*, 108 F.R.D. 313, 319 (S.D. Cal. 1985) (granting a bill of particulars given the "grand scale of the case" and the "large number of conspiratorial actors and criminal acts").  Rather, discovery contains numerous postings in channels and chats on the telegram platform that the government describes as generally "promot[ing] white supremist accelerationism: an ideology centered on the belief that the white race is superior; that society is corrupt and cannot be saved by political action; and that violence and terrorism is necessary to ignite a race war

and "accelerate" the collapse of the government and the rise of the white state." ECF No. 1, at ¶ 2.

The First Amendment, however, "protects speech that others might find offensive or even frightening." *Fogel v. Collins,* 531 F.3d 824, 829 (9th Cir. 2008). Even speech advocating violence – like that alleged in the indictment – is protected by the First Amendment unless such 'advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action.'" *Brandenburg v. Ohio,* 395 U.S. 444, 447 (1969) (overturning the conviction of a Klu Klux Klan leader who was convicted for advocating the use of violence and criminal acts for political reform); "Under the *Brandenburg,* decision, timing is crucial, because speech must incite imminent lawless action to be constitutionally proscribable." *McCoy v. Stewart,* 282 F.3d 626, 630 (9th Cir. 2002); *see also Hess v. Indiana,* 414 U.S. 105, 108 (1973) (explaining that the state cannot constitutionally punish "advocacy of illegal action at some indefinite time"); *NAACP v. Clairborne Hardware Co.,* 458 U.S. 886, 927 (1982) ("When [an advocate's] appeals do not incite lawless action, they must be regarded as protected speech.").

Here, without more specificity, Mr. Allison cannot adequately prepare a First Amendment defense or otherwise defend against the charges. The Court thus should order the government to provide a bill of particulars stating when in particular Mr. Allison purportedly solicited the alleged hate crime and the identity of the person or persons that Mr. Allison allegedly targeted in each count. Otherwise, the charges cannot withstand scrutiny under the First Amendment.

**B.    Count 12 – Interstate Threatening Communication**

<u>COUNT TWELVE:</u> [18 U.S.C. § 875(c)-Interstate Threatening Communication]

The Grand Jury further charges:  THAT

DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON,

defendants herein, between on or about November 17, 2021, and on or about September 5, 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting one another, knowingly transmitted in interstate and foreign commerce a communication containing a threat to injure the person of another. Specifically, defendants transmitted threatening communications such as those detailed in Paragraphs 9 through 18 and 23 through 28 of the General Allegations of this Indictment, which are realleged and incorporated herein.

All in violation of Title 18, United States Code, Sections 875(c) and 2.

This count references sixteen paragraphs of the indictment but provides no specifics as to what threat the defendants allegedly made, who is the target of the purported threat, or when within the almost three year period the threats were made.  "In order to affirm a conviction under any threat statute that criminalizes pure speech, [the Court] must find sufficient evidence that the speech constitutes a 'true threat' as defined in" *Virginia v. Black*, 538 U.S. 343 (2003).  *United States v. Bagdasarian,* 652 F.3d 1113, 1117 (9th Cir. 2011).  *Black,* in turn, defined a "true threat" as one where the "speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or individuals."  538 U.S. at 359.  To permit the defense to adequately prepare for trial, the Court should order the government to provide a bill of particulars specifying what threat was made, to whom the threat was made, and when the threat was allegedly made.

**C.**    **Count 13 – Distributing Information Relating to Explosives and Destructive Devices in Furtherance of Assault and Murder of Federal Officials**

COUNT THIRTEEN: [18 U.S.C. § 842(p)-Distribution of lnformation Relating to Explosives and Destructive Devices in Furtherance of Assault and Murder of Federal Officials]

The Grand Jury further charges:  T H A T

DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON,

defendants here.in, between on or about November 7, 2022, and on or about September 5, 2024, in the State and Eastern District of California, and elsewhere, aiding and abetting one another, distributed by any means information pertaining to, in whole and in part, the manufacture and use of an explosive and destructive device, with the intent that the information be used for, and in furtherance of, an activity that constitutes a federal crime of violence-specifically, with premeditation and malice aforethought, to unlawfully kill an officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance, in violation of Title 18, United States Code, Section 1114(a)(l); and to intentionally and forcibly assault, intimidate, or interfere with any officer or employee of the United States or of any agency in any branch of the United States government who was engaged in official duties, with a dangerous weapon, in violation of Title 18, United States Code, Section 111(b)-as detailed in the General Allegations of this Indictment, which are realleged and incorporated herein.

All in violation of Title 18, United States Code, Section 842(p)(2)(A) and 2.

This count charges that defendants distributed information pertaining to the manufacture and use of an explosive and destructive device with the intent that the information be used to kill unspecified employees or officers of the United States government and to assault, intimidate, or interfere with U.S. employees or officers. But it covers a broad period of almost twenty two months.  And it again provides no specifics as to what information about explosives the defendants allegedly distributed and no link to any specific attempt to kill or assault federal officials. Although there is some discovery showing that persons in telegram chats and channels posted videos or publications as to how to make certain explosives, there is none connecting the postings to any attempt kill or assault a federal employee or official.  Without more specificity, the defense is unable to prepare an adequate defense.  The Court thus should provide a bill of particulars ordering the government to specify what information regarding explosives was distributed and which federal employees or officials the explosive information was allegedly intended to be used to kill or assault.  *See United States v. Roth,* 669 F. Supp. 1386, 1389 (N.D. Ill. 1987) (ordering a bill of particulars directing the government to identify "the names of the judges he is accused of corrupting").

**D.     Count 14 – Distribution of Information Relating to Explosives and Destructive Devices in Furtherance of Hate Crimes**

<u>COUNT FOURTEEN:</u> [18 U.S.C. § 842(p)-Distribution of Information Relating to Explosives and Destructive Devices in Furtherance of Hate Crimes]

The Grand Jury further charges:  THAT

DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON,

10

defendants herein, between on or about July 14, 2022, and on or about September 5, 2024, in the State md Eastern District of California, and elsewhere, aiding and abetting one another, distributed by any means information pertaining to, in whole and in part, the manufacture and use of an explosive and destructive device, with the intent that the information be used for, and in furtherance of, an activity that constitutes a federal crime of violence-specifically, to willfully cause bodily injury to any person because of the actual or perceived race, color, religion, or national origin of any person, in an attempt to kill, in violation of Title 18, United States Code, Sections 249(a)(l) and 249(a)(l)(B)(ii); and to willfully cause bodily injury to any person because of the actual or perceived sexual orientation or gender identity of any person, in an attempt to kill, in violation of Title 18, United States Code, Sections 249(a)(2)(A) and 249(a)(2)(A)(ii)(II), under circumstances that, if carried out, would affect commerce in a manner set forth in § 249(a)(2)(B)-as detailed in the General Allegations of this Indictment, which are realleged and incorporated herein.

All in violation of Title 18, United States Code, Section 842(p)(2)(A) and 2.

Similarly, this count charges that defendants distributed information pertaining to the manufacture and use of an explosive and destructive device with the intent that the information be used for and in furtherance of federal hate crimes. It also covers a broad period of more than twenty five months. And it again provides no specifics as to what information about explosives the defendants allegedly distributed and no link to any specific federal hate crime. Nor does the massive discovery provide the details. Although there is some discovery showing that persons in telegram chats and channels posted videos or publications as to how to make certain explosives (which are readily available online), there is none connecting the postings to any attempted federal hate crime. Without more specificity, the defense is unable to prepare an adequate defense. The Court thus should provide a bill of particulars ordering the government to specify what information regarding explosives was distributed and what federal hate crimes the defendants allegedly intended the information to be used to cause be committed.

**E.      Count 15 – Conspiracy to Provide Material Support to Terrorists**

COUNT FIFTEEN: [18 U.S.C. § 2339A - Conspiracy to Provide Material Support to Terrorists]

The Grand Jury further charges:  TH A T

DALLAS ERIN HUMBER and MATTHEW ROBERT ALLISON,

defendants herein, beginning in or about January 2022, and continuing through in or about September 2024, in the State and Eastern District of California, and elsewhere, together with persons known and unknown to the Grand Jury, knowingly and intentionally conspired to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), namely, services, property, personnel, training, and expert advice or assistance, knowing and intending that they were to be used in preparation for, and in carrying out, a violation of Title 18, United States Code, Sections 844(f)(1)(2) (arson or bombing of federal property), 844(i) (arson or bombing of property used in interstate or foreign commerce), 1114 (killing or attempted killing of a federal official), and 1366 (destruction or damage of an energy facility), as detailed in the General Allegations of this Indictment, which are realleged and incorporated herein.

All in violation of Title 18, United States Code, Section 2339A.

Again, this charge covers a broad period spanning thirty two months with no particulars.  It provides no details as to how Mr. Allison supposedly conspired to provide material support or resources.  And it provides a broad laundry lists of crimes that the material support or resources were supposedly intended to facilitate.  The indictment doesn't provide any specifics and simply realleges the "General Allegations of this Indictment."  This is wholly insufficient to permit Mr. Allison to prepare a defense.  (1) What "services, property, personnel, training, and expert advice or assistance" did Mr. Allison allegedly conspire to provide?; (2) to whom did the conspirators knowingly and intentionally provide such "services,

property, personnel, training, and expert advice or assistance?"; and (3) in connection with what specific events or offenses?

The Court thus should order a bill of particulars ordering the government (1) to identify what services, property, personnel, training, and expert advice or assistance Mr. Allison allegedly conspired to provide; (2) to whom did the conspirators knowingly and intentionally provide such "services, property, personnel, training, and expert advice or assistance," and (3) in support of what specific events or offenses. *See, e.g., United States v. Salman,* 2025 U.S. Dist. Lexis 214464, at ** (E.D. N.Y. Oct. 27, 2025) (granting a bill of particulars, in part, by ordering the government to provide particulars regarding the dates and locations it alleges that the defendant received the military-type training that the indictment alleges he received from a foreign terrorist organization).

## IV.  Conclusion

For these reasons, the Court should order a bill of particulars as set forth above.

Respectfully submitted,

Dated:  January 27, 2026

/s/ Kyle Knapp
KYLE KNAPP

/s/ John Balazs
JOHN BALAZS

Attorneys for Defendant
MATTHEW ROBERT ALLISON