ERIC GRANT
United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney

    United States Attorney's Office
    501 I Street, Suite 10-100
    Sacramento, CA. 95814
    Telephone:  (916) 554-2700

HARMEET K. DHILLON
Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone:  (202) 514-3847

JOHN A. EISENBERG
Assistant Attorney General, National Security Division
PATRICK CASHMAN
Trial Attorney

    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530
    Telephone:  (202) 514-2007

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>MATTHEW ROBERT ALLISON,<br>                Defendant. | CASE NO.  2:24-CR-00257-DC<br><br>GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENDANT'S CIPA AND FISA FILINGS |

The United States of America, by its undersigned attorneys, files this consolidated response to Defendant Allison's two recent filings: (1) Defendant's Brief Regarding Discovery Procedures Under the Classified Information Procedures Act ("CIPA"), and (2) Defendant's Motion to Compel the Government to Provide Notice of Its Intent to Use or Disclose Information Obtained or Derived from Surveillance Conducted Pursuant to Section 702 of the Foreign Intelligence Surveillance Act ("FISA"). ECF 102, 103.

CIPA Brief

In his CIPA Brief, Defendant Allison "requests that the government advise whether it has completed its review of classified materials and that the Court address with the parties the appropriate CIPA procedures to be followed for the discovery of classified materials in this case," and seeks "an opportunity to provide input on an *ex parte* basis to support the Court's decision-making on what materials are discoverable under Rule 16, Brady, Giglio, or other authority." ECF 102, at 3, 10.

The United States does not oppose either request.  With the caveat that government counsel is not permitted to address specific classified materials in a public hearing or otherwise with parties who do not possess both the requisite security clearance and need to know, the United States would be happy to apprise the Court and defense counsel of the general status of its review of classified materials and to set a briefing schedule for its expected CIPA Section 4 submissions.  As to his second request, the government agrees that defense counsel should be permitted to provide the Court with a summary of anticipated defenses, on an *ex parte* basis, to support the Court's decision-making on whether the classified materials referenced in the government's Section 4 Brief are discoverable under CIPA.

FISA Motion

In his FISA motion, Defendant Allison seeks to compel the government to provide notice of its "intent to use information 'obtained or derived from' Section 702 surveillance or other foreign intelligence authorities in its prosecution." ECF No. 103, at 7.  Defendant Allison speculates, based on the government's notice of classified information, ECF 37, that the classified information in the government's possession "may be information obtained or derived under Section 702 or other foreign intelligence surveillance." ECF No. 103, at 6-7.

The FISA notice provision cited by Defendant Allison applies only if the government: (1)

GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT'S CIPA AND FISA FILINGS

2

"intends to enter into evidence or otherwise use or disclose"; (2) "against an aggrieved person"; (3) in a "trial, hearing or other proceeding in or before any court, department officer, agency, regulatory body, or other authority of the United States"; (4) any "information obtained or derived from"; and (5) "electronic surveillance [or physical search] of that aggrieved person." 50 U.S.C. §§ 1806(c) and 1825(d).  Only where all five criteria are met must the government provide notice that the United States intends to use or disclose such information.

The United States hereby represents that the FISA notice provision does not apply in this case, just as it did not apply in the related case against Brandon Russell, a Terrorgram-affiliated accelerationist convicted of conspiring to destroy an energy facility, *United States v. Russell*, Case No. 23-cr-00056 (D. Md.).  In that case, Russell filed analogous motions to compel FISA notice based on pure speculation that the government might have obtained evidence against him through FISA. *Id.* at ECF 107, 146.   The district court denied both motions, ruling that Russell was "not entitled to notice under 50 U.S.C. § 1806(c)" because the Court was satisfied by the government's representation that it "will not introduce or otherwise use at trial or any other proceeding in this case any evidence obtained or derived from an electronic surveillance of Defendant pursuant to FISA § 702." *United States v. Russell*, 754 F. Supp. 3d 600, 605 (D. Md. 2024).  Defendant Allison's analogous motion to compel FISA notice, which is also based on pure speculation, should likewise be denied.

Conclusion

The government is mindful of its discovery obligations under CIPA and FISA.  The government has scrupulously abided by them throughout this case and will continue to do so going forward.

Dated: February 3, 2026.

| ERIC GRANT<br>United States Attorney<br>Eastern District of California | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division | JOHN A. EISENBERG<br>Assistant Attorney General<br>National Security Division |
|---|---|---|
| /s/ *Robert Abendroth*<br>ROBERT ABENDROTH<br>Assistant U.S. Attorney | /s/ *Christopher J. Perras*<br>CHRISTOPHER J. PERRAS<br>Special Litigation Counsel | /s/ *Patrick Cashman*<br>PATRICK CASHMAN<br>Trial Attorney |