JOHN BALAZS, Bar # 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
balazslaw@gmail.com

KYLE KNAPP, Bar #166587
Attorney at Law
916 2nd Street, Second Floor
Sacramento, CA 95814
Telephone: (916) 441-4717
kyleknapp@sbcglobal.net

Attorneys for Defendant
MATTHEW ROBERT ALLISON

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW ROBERT ALLISON, <br><br> Defendant. | Case No. 2:24-CR-0257-DC <br><br> **REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR BILL OF PARTICULARS** <br><br> Motion Hearing: <br> Date: March 13, 2026 <br> Time: 2 p.m. <br> Hon. Sean Riordan |

Defendant Matthew Allison, through counsel, hereby replies to the government's response to his motion for bill of particulars.  ECF Nos. 104, 110.

## I.    Further procedural history

Allison filed his motion for a bill of particulars with a motion to compel notice under Section 702 of the Foreign Intelligence Surveillance Act, ECF No. 103, and a brief regarding discovery procedures under the Classified Information

Procedure Act (CIPA).  ECF No. 102.  The district court then directed that the bill-of-particulars motion be heard in the magistrate court.  ECF No. 105.

At the 2/6/2026 status conference, the parties discussed the FISA motion and CIPA discovery issues.  ECF No. 108.  At the hearing, the district court set a 4/6/2026 deadline for the government to submit its ex parte brief regarding CIPA discovery issues and potential FISA notice issues and a 7/24/26 deadline for the defense to submit its ex parte brief.  The court scheduled a further status conference on August 7, 2026, which is to include separate ex parte hearings from both the government and the defense.

**II.     The government's response fails to provide the information requested in the defense's motion.  The indictment and voluminous discovery productions are insufficient to permit the defense to adequately prepare a defense.**

Preliminarily, the government argues that the defense cannot raise a First Amendment challenge in a pretrial motion to dismiss because free speech issues are factual issues for the jury.  Gov't Opp, at 6-7, citing *United States v. Nukida,* 8 F.3d 665, 669-70 (9th Cir. 1993).  Under Federal Rule of Criminal Procedure 12(b)(1), however, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  A motion to dismiss is proper when, as in this case, the challenge 'involves questions of law rather than fact.'" *Nukida,* 8 F.3d at 669-70, even if some preliminary factual issues are to be decided by the court to resolve the motion.  *Id.* at 699.  In any event, the government's response is a red herring.  Even if a First Amendment defense must be raised at trial, a bill of particulars would nonetheless be essential to "enable [Allison] to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of

another prosecution for the same offense." *United States v. Geise*, 597 F.2d 1170, 1180 (9th Cir. 1979).

Rather than provide the information requested in the defense's motion for a bill of particulars, the government argues that a bill of particulars is not warranted because it provided sufficient allegations in the Indictment and voluminous discovery. Gov't Opp. at 2-3. As set forth in Allison's motion, however, the indictment is lacking on specifics as to the items requested in his motion, ECF No. 104, at 2. And the fact that the government has provided voluminous discovery in this case weighs in favor, not against, a bill of particulars. *See United States v. Diaz,* 2007 U.S. Dist. Lexis 85986, at *15 (N.D. Cal. 2007) ("Merely referring to a range of several hundred pages (or thousands in some cases) in discovery is not an informative outline. . . . too much is less to guess work. Notice means notice. It does not mean a scavenger hunt for clues in discovery, including redacted pages.") The ultimate question is what is "necessary or useful in the defendant's preparation for trial." *United States v. Will v. United States,* 389 U.S. 90, 99 (1967); *see also* 1 Wright, *Federal Practice and Procedure: Criminal 2d,* § 129, at 436-37 (1982) ("A defendant should be given enough information about the offense charged so that he may, by the exercise of due diligence, prepare adequately for trial."). The Court has "very broad discretion" whether to grant a bill of particulars. *Id.*

Indeed, the case law cited by the government is easily distinguishable as cases where a bill of particulars was unnecessary given the relatively straight-forward nature of the charges. *See, e.g., United States v. Ayers,* 924 F.2d 1468, 1484 (9th Cir. 1991) (tax charges); *United States v. Mitchell,* 744 F.2d 701, 705 (9th Cir. 1984) (filing false tax return and mail fraud). Much of the rest of the government's response focuses on its narrow-view of the First Amendment and why it believes Allison's speech is not protected by fundamental free-speech

principles. *See, e.g.,* Gov't Opp. at 8 (arguing that the "list" posts lack First Amendment protection where they were directed at particular persons and publicly disseminated) (citing *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. Of Life Activists,* 290 F.3d 1058, 1086 (9th Cir. 2002) (en banc)).[1]

Its views rely on highly-questionable propositions that appear to run contrary to fundamental First Amendment law. *Compare.* Gov't Opp. at 4 ("the hate crime solicitation charges against Defendant Allison and Humber are not based on a single conversation with a single solicitee about a single target . . . ; they are predicated on years of statements, posts, publications, and actions designed to solicit Terrorgram users to carry out bias-motivated attacks targeting people because of their race, religion, national origin, sexual orientation, and gender identity – solicitations that resulted in bias-motivated attacks around the world") *with Brandenburg v. Ohio,* 395 U.S. 444, 447 (1969) (holding that even speech advocating violence is protected by the First Amendment unless "such advocacy is directed to inciting or producing *imminent* lawless action and is likely to incite or produce such action") (emphasis added), and other cases cited in the defense's initial motion at 7.

But this is not the forum to resolve any First Amendment dispute, which will be addressed later in the district court. At this stage, Allison requests sufficient information as to the particulars of his charged offenses to prepare adequately for pretrial motions and trial. His motion did not seek particulars as to count 1 or 6-

---

[1]    *Cf.* CNN, 7/6/2023, "Man went to Obama's DC neighborhood after Trump posted what he claimed was Obamas' address." https://www.cnn.com/2023/07/05/politics/taylor-taranto-detention-memo-obama-neighborhood-arrest (noting that shortly after the president posted the Obamas' home address, Taylor Taranto was arrested after driving to the neighborhood in a van that was found to contain firearms and hundreds of rounds of ammunition).

11, but is narrowly tailored to specific counts where more information is necessary to prepare a defense and to avoid unfair surprise.  The Court thus should order the government to provide the requested information listed on page 2 of his motion for a bill of particulars.

### III.  Conclusion

For these reasons, the Court should order a bill of particulars as set forth in Allison's motion for a bill of particulars.

Respectfully submitted,

Dated:  March 5, 2026

/s/ Kyle Knapp
KYLE KNAPP

/s/ John Balazs
JOHN BALAZS

Attorneys for Defendant
MATTHEW ROBERT ALLISON