UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW ROBERT ALLISON,

Defendant.

No.  2:24-cr-257-DC

ORDER

The indictment against Defendant Matthew Robert Allison charges him with fifteen counts, including conspiracy in violation of 18 U.S.C. § 371 (Count 1); solicitation of a hate crime in violation of 18 U.S.C. § 373 (Counts 2-5); solicitation of murder of a federal official in violation of 18 U.S.C. § 373 (Counts 6-8); doxing of federal officials in violation of 18 U.S.C. § 119 (Counts 9-11); interstate threatening communications in violation of 18 U.S.C. § 875(c) (Count 12); distribution of information relating to explosives and destructive devices in violation of 18 U.S.C. § 842(p) (Counts 13 and 14); and conspiracy to provide material support to terrorists in violation of 18 U.S.C. § 2339A (Count 15).  ECF No. 1.  Defendant filed a Motion for Bill of Particulars as to Counts 2-5, Count 12, Count 13, Count 14, and Count 15.  ECF No. 104.  The Government filed a response to the motion and Defendant filed a reply.  ECF Nos. 110, 112. Judge Coggins referred the motion to a magistrate judge, ECF No. 105, and the undersigned

1

heard the motion on March 13, 2026.

The Government raises several objections to providing a bill of particulars.  However, for each of the counts that are the subject of Defendant's motion, the Government's response brief also explains the Government's theory of Defendant's liability and the categories of conduct that the Government believes establish the *actus reus* elements.  ECF No. 110 at 5-6, 7-11.  At the hearing on the motion, counsel for Defendant indicated that the formalization of such explanation in a bill of particulars would be sufficient.  Counsel for the Government indicated that they would not be opposed to putting their explanations into the form of a bill of particulars.

While the Indictment is fairly detailed, given the breadth of its allegations, it does not "adequately advise[] the defendant of the specific acts of which he is accused[]"—at least as to the counts identified in Defendant's motion.  *United States v. Akroush*, 2019 U.S. Dist. Lexis 95580, at *10 (E.D. Cal. June 15, 2019) (quoting *United States v. Santiago*, 174 F. Supp.2d 16, 34 (S.D.N.Y. 2001)).  Accordingly, the Court **GRANTS** Defendant's motion as follows: Pursuant to Federal Rule of Criminal Procedure 7(f), the Government shall file a bill of particulars as to Counts 2-5, Count 12, Count 13, Count 14, and Count 15 within seven days.  As to any of those counts, should the government's theory of Defendant's liability or the categories of conduct that the Government believes establish the *actus reus* elements materially change in advance of trial, the government shall promptly file an amended bill of particulars.  *See* Fed. R. Crim. P. 7(f) ("The government may amend a bill of particulars subject to such conditions as justice requires.").

**SO ORDERED.**

DATED: March 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE