ERIC GRANT
United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney

　　United States Attorney's Office
　　501 I Street, Suite 10-100
　　Sacramento, CA. 95814
　　Telephone: (916) 554-2700

HARMEET K. DHILLON
Assistant Attorney General, Civil Rights Division
CHRISTOPHER J. PERRAS
Special Litigation Counsel

　　U.S. Department of Justice
　　950 Pennsylvania Avenue NW
　　Washington, DC 20530
　　Telephone: (202) 514-3847

JOHN A. EISENBERG
Assistant Attorney General, National Security Division
PATRICK CASHMAN
Trial Attorney

　　U.S. Department of Justice
　　950 Pennsylvania Avenue NW
　　Washington, DC 20530
　　Telephone: (202) 514-2007

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00257-DC |
| Plaintiff, | GOVERNMENT'S BILL OF PARTICULARS AS TO COUNTS 2-5 AND 12-15 OF THE INDICTMENT |
| v. | |
| DALLAS ERIN HUMBER MATTHEW ROBERT ALLISON, Defendants. | |

GOVERNMENT'S BILL OF PARTICULARS

1

Pursuant to the Court's Order directing the government to "file a bill of particulars as to Counts 2-5, Count 12, Count 13, Count 14, and Count 15," (ECF 115), the United States of America, through the undersigned counsel, hereby files this bill of particulars detailing the theories of criminal liability supporting Counts 2-5 and 12-15 of the Indictment and the categories of evidence upon which the *actus reus* elements of those counts are predicated.

Hate Crime Charges (Counts Two, Three, Four, and Five)

Counts Two through Five charge Defendant Allison with soliciting hate crimes, in violation of 18 U.S.C. § 373 and § 249, targeting "Black people and white people who associate with Black people" (Count Two), "Jewish people" (Count Three), "non-white immigrants" (Count Four), and "lesbian, gay, bisexual, and transgender people" (Count Five).  Counts Two through Five include three theories of liability: (1) direct liability, (2) aiding-and-abetting liability, and (3) *Pinkerton* liability.  Under these theories of liability, Defendant Allison is criminally responsible for hate crimes (1) that he personally solicited (direct liability), (2) that were solicited by Defendant Humber, whom he aided and abetted (aiding-and-abetting liability), and (3) that were solicited by a co-conspirator during and in furtherance of the charged conspiracy and were reasonably foreseeable (*Pinkerton* liability). *See* Ninth Circuit Pattern Jury Instructions 5.1 (aiding and abetting), 8.25 (*Pinkerton* charge).

The *actus reus* elements of Counts Two through Five are predicated on the following categories of conduct by Defendants Allison and Humber:

- Posting messages in Terrorgram chats and channels soliciting bias-motivated violence against targeted groups, including, but not limited to, the posts and messages detailed in Paragraphs 16, 27, 28, and 30(b) of the General Allegations of the Indictment;

- Disseminating materials designed to "create[] an environment where aspiring attackers are increasingly willing to perpetrate violence as a way to honor previous 'saints,' attain sainthood themselves, and inspire future attacks," as Defendant Humber put it, including, but not limited to, the materials detailed in Paragraphs 8, 19-26, and 30(c) of the General Allegations of the Indictment;

- Disseminating The Hard Reset and individual pages of The Hard Reset that solicit bias-motivated violence against targeted groups, including, but not limited to, Pages 142-43

GOVERNMENT'S BILL OF PARTICULARS

2

(Fumigate the Cities), Pages 192-93 (Forcing Accountability), Page 201 (Mutual Combat), Page 202 (Churchgoers), Page 203 (Two Birds, One Stone), Page 232 (Deportation), Page 244 (Border Crisis), and Page 247 (A Letter to the Next Disciples); and

- Disseminating The List, individual List cards, and links to The List archive via Terrorgram direct messages, group chats, and channels—along with exhortatory comments including, but not limited to, "Take Action Now"; "Do your part"; "Remember change starts with you. No one is coming to save us."; and "The List would do for killing what the printing press had done for literacy."  As detailed in Paragraphs 9-15 of the General Allegations of the Indictment, The List is a hit list of "high value targets" that includes federal, state, and municipal officials, and leaders of private companies and NGOs, many of whom were targeted for assassination because of their race, religion, national origin, sexual orientation, and/or gender identity.

Count Twelve

Count Twelve charges Defendant Allison with knowingly transmitting in interstate commerce a communication containing a threat to injure another person, in violation of 18 U.S.C. § 875(c).  Count Twelve includes three theories of liability: (1) direct liability, (2) aiding-and-abetting liability, and (3) *Pinkerton* liability.  Under these theories of liability, Defendant Allison is criminally responsible for threats (1) that he personally transmitted (direct liability), (2) that were transmitted by Defendant Humber, whom he aided and abetted (aiding-and-abetting liability), and (3) that were transmitted by a co-conspirator during and in furtherance of the charged conspiracy and were reasonably foreseeable (*Pinkerton* liability). *See* Ninth Circuit Pattern Jury Instructions 5.1 (aiding and abetting), 8.25 (*Pinkerton* charge).

The *actus reus* element of Count Twelve is predicated on the following category of conduct by Defendants Allison and Humber: their dissemination of The List, individual List cards, and links to The List archive via Telegram direct messages, group chats, and channels—along with exhortatory comments including, but not limited to, "Take Action Now"; "Do your part"; "Remember change starts with you. No one is coming to save us."; and "The List would do for killing what the printing press had done for literacy."—as detailed in Paragraphs 9-15 of the General Allegations of the Indictment.

Counts Thirteen and Fourteen

Counts Thirteen and Fourteen charge Defendant Allison with disseminating bombmaking

GOVERNMENT'S BILL OF PARTICULARS                    3

instructions with the intent to incite a crime of violence, in violation of 18 U.S.C. § 842(p). Counts Thirteen and Fourteen include three theories of liability: (1) direct liability, (2) aiding-and-abetting liability, and (3) *Pinkerton* liability. Under these theories of liability, Defendant Allison is criminally responsible for bombmaking instructions (1) that he personally disseminated (direct liability), (2) that were disseminated by Defendant Humber, whom he aided and abetted (aiding-and-abetting liability), and (3) that were disseminated by Defendant Humber during and in furtherance of the charged conspiracy and were reasonably foreseeable (*Pinkerton* liability). *See* Ninth Circuit Pattern Jury Instructions 5.1 (aiding and abetting), 8.25 (*Pinkerton* charge).

The *actus reus* elements of Counts Thirteen and Fourteen are predicated on the following categories of conduct by Defendants Allison and Humber:

- Posting messages in Terrorgram chats and channels disseminating instructional manuals and videos on how to create bombs, chemical weapons, and weapons of mass destruction, as detailed Paragraph 18 of the General Allegations of the Indictment, including, but not limited to, a five-step instructional video titled, "How To Make a Letter Bomb." The video explained how to obtain ingredients for the explosive mixture and the fuse; how to mix the ingredients to create the explosive; how to synthesize the fuse paste; how to rig a padded envelope; how to find the location of a "federal building" that would be "a suitable target"; and how to commit the crime without being caught;

- Disseminating links and invitations to Terrorgram channels administered by Defendants Allison and Humber that served as archives for instructional manuals and videos on how to create bombs, chemical weapons, and weapons of mass destruction, including, but not limited to, the following Terrorgram channels: Forbidden PDFs, Crimepilled, Redpills, Terror Archives, Little Based Library, Small Cabin Enjoyers, and Hail Holy Terror [Private]; and

- Disseminating The Hard Reset (and individual pages of The Hard Reset), a Terrorgram publication that (1) includes instructions for how to make bombs, chemical weapons, and weapons of mass destruction, including, but not limited to, napalm, black powder, thermite, and chlorine gas (Pages 56-57), pipe bombs (Pages 71-72), and a "dirty bomb"—a bomb comprised of explosives and radioactive material (Pages 142-43); (2) provides tactical advice for how to

GOVERNMENT'S BILL OF PARTICULARS

4

successfully carry out bombings and mass-casualty attacks, including, but not limited to, Page 10 (Personal Space), Page 68 (Anonymous Bomber), Pages 71-72 (Empty Threats), Pages 163-65 (How to Create and Operate Cells), Page 208 (Dry Run), and Page 247 (A Letter to the Next Disciples); and (3) identifies suitable targets for bombings and mass-casualty attacks, including federal employees as well as groups of people because of their race, religion, national origin, sexual orientation, and gender identity, including but not limited to, Page 75 (Executing an Agent), Pages 142-43 (Fumigate the Cities), Pages 192-93 (Forcing Accountability), Page 201 (Mutual Combat), Page 202 (Churchgoers), Page 203 (Two Birds, One Stone), Page 232 (Deportation), Page 244 (Border Crisis), and Page 247 (A Letter to the Next Disciples).

Count Fifteen

Count Fifteen charges Defendant Allison with conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A.

The "material support or resources" that Defendants Allison and Humber conspired to provide, in the form of "services, property, personnel, training, and expert advice or assistance," as charged in Count Fifteen, include the following categories of evidence:

- The categories of conduct, listed above, on which Counts Two through Five and Twelve through Fourteen are predicated;

- Posting messages in Terrorgram chats and channels soliciting attacks on energy facilities, federal buildings, and other critical government infrastructure, and providing guidance on how to successfully carry out such attacks, including, but not limited to, the posts and messages detailed in Paragraph 17 of the General Allegations of the Indictment;

- Disseminating The Hard Reset (and individual pages of The Hard Reset), a Terrorgram publication that includes detailed instructions for how to commit terrorist attacks on critical infrastructure—including, but not limited to, trains (Pages 90-93), cell towers (Pages 94-96), trucks and depots (Pages 97-99), roads, bridges, and highways (Pages 100-02), water treatment and distribution centers (Pages 103-05), commercial businesses (Pages 106-09), communication centers (Pages 110-11), the electrical grid (Pages 112-15), and HVAC systems (Pages 116-17)—and how to successfully plan and carry out such attacks without

GOVERNMENT'S BILL OF PARTICULARS

5

getting caught (Pages 154-55, 163-65, and 208);

- Recruiting, radicalizing, equipping, advising, inspiring, and soliciting others to commit attacks in furtherance of Terrorgram's mission, as detailed in the "Manner and Means" section of Count One of the Indictment; and

- Maintaining a digital and physical storage facility to archive Terrorgram materials for future dissemination, and using that archive and Defendant Allison's computing expertise to circumvent "user bans," "channel bans," and other attempts by Telegram to moderate or remove Terrorgram content from its digital platform.

As set forth in the Court's Order, "[a]s to any of those counts, should the government's theory of Defendant's liability or the categories of conduct that the Government believes establish the *actus reus* elements materially change in advance of trial," the government reserves the right to "file an amended bill of particulars." ECF 115.

Dated: March 19, 2026

| | | |
|---|---|---|
| ERIC GRANT | HARMEET K. DHILLON | JOHN A. EISENBERG |
| United States Attorney | Assistant Attorney General | Assistant Attorney General |
| Eastern District of California | Civil Rights Division | National Security Division |
| | | |
| /s/ *Robert Abendroth* | /s/ *Christopher J. Perras* | /s/ *Patrick Cashman* |
| ROBERT ABENDROTH | CHRISTOPHER J. PERRAS | PATRICK CASHMAN |
| Assistant U.S. Attorney | Special Litigation Counsel | Trial Attorney |

GOVERNMENT'S BILL OF PARTICULARS

6